Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Plaintiff Esperion Therapeutics, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESPERION THERAPEUTICS, INC., | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-_____ |
| | ) |
| DR. REDDY'S LABORATORIES INC., | ) |
| DR. REDDY'S LABORATORIES LTD., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      This is an action for patent infringement by Esperion Therapeutics, Inc. ("Esperion") under the patent laws of the United States, Title 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, against Defendants Dr. Reddy's Laboratories Inc. and Dr. Reddy's Laboratories Ltd. (collectively, "DRL"). This action arises out of DRL's submission of Abbreviated New Drug Application ("ANDA") Nos. 219312 and 219331 to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell generic versions of NEXLETOL® and NEXLIZET® prior to the expiration of U.S. Patent Nos. 7,335,799, 11,760,714, 11,613,511, 10,912,751, and 11,744,816.

1

## PARTIES

2.    Plaintiff Esperion is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3891 Ranchero Drive, Suite 150 Ann Arbor, MI 48108.

3.    Upon information and belief, Defendant Dr. Reddy's Laboratories Inc. ("DRL Inc.") is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 107 College Road East, Princeton, New Jersey 08540.

4.    Upon information and belief, DRL Inc. is a pharmaceutical company that engages in the manufacture, marketing, or sale of pharmaceutical products, including generic drug products manufactured and sold pursuant to approved ANDAs.

5.    Upon information and belief, Defendant Dr. Reddy's Laboratories Ltd. ("DRL Ltd.") is a corporation organized and existing under the laws of India, having a place of business at 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Telangana, 500034, India.

6.    Upon information and belief, DRL Ltd. is a pharmaceutical company that engages in the manufacture, marketing, or sale of pharmaceutical products, including generic drug products manufactured and sold pursuant to approved ANDAs.

7.    Upon information and belief, DRL Inc. and DRL Ltd. working in concert directly or through their affiliates markets and sells drug products throughout the United States, including in the state of New Jersey.

8.    Upon information and belief, DRL Ltd. is the holder of FDA Drug Master File No. 36933.

9.    Upon information and belief, DRL Inc. is a wholly owned subsidiary of DRL Ltd.

10.    Upon information and belief, DRL Ltd. directs or controls the operations, management, and activities of DRL Inc. in the United States.

11. Upon information and belief, DRL Inc. and DRL Ltd. are agents of each other and/or operate in concert as integrated parts of the same business group.

12. Upon information and belief, DRL Inc. and DRL Ltd. act in concert to directly or through their affiliates market and sell drug products throughout the United States, including in New Jersey.

13. Upon information and belief, DRL Inc. and DRL Ltd. work in concert on the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products for the United States market, including New Jersey.

14. Upon information and belief, DRL Inc. and DRL Ltd., acting in concert, prepared and submitted ANDA No. 219312 seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and sale of a generic version of NEXLETOL® (the "DRL NEXLETOL® ANDA Product") prior to the expiration of U.S. Patent Nos. 7,335,799, 11,760,714 and 11,613,511.

15. Upon information and belief, DRL Inc. and DRL Ltd., acting in concert, developed the DRL NEXLETOL® ANDA Product.

16. Upon information and belief, DRL Inc. and DRL Ltd., acting in concert, are seeking regulatory approval from the FDA to market and sell the DRL NEXLETOL® ANDA Product throughout the United States, including in New Jersey.

17. Upon information and belief, DRL Inc. and DRL Ltd. intend to obtain approval for DRL's ANDA No. 219312, and, in the event the FDA approves that ANDA, to commercially manufacture, use, offer for sale, sell, and/or import the DRL NEXLETOL® ANDA Product in the United States, including in New Jersey.

18. Upon information and belief, DRL Inc. and DRL Ltd., acting in concert, prepared and submitted ANDA No. 219331 seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and sale of a generic version of NEXLIZET® ("DRL NEXLIZET®

ANDA Product") prior to the expiration of U.S. Patent Nos. 7,335,799, 11,760,714, 11,613,511, 10,912,751, and 11,744,816.

19. Upon information and belief, DRL Inc. and DRL Ltd., acting in concert, developed the DRL NEXLIZET® ANDA Product.

20. Upon information and belief, DRL Inc. and DRL Ltd., acting in concert, are seeking regulatory approval from the FDA to market and sell the DRL NEXLIZET® ANDA Product throughout the United States, including in New Jersey.

21. Upon information and belief, DRL Inc. and DRL Ltd. intend to obtain approval for DRL's ANDA No. 219331, and, in the event the FDA approves that ANDA, to commercially manufacture, use, offer for sale, sell, and/or import the DRL NEXLIZET® ANDA Product in the United States, including in New Jersey.

## JURISDICTION AND VENUE

22. This action arises under the patent laws of the United States of America, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

23. This Court has personal jurisdiction over DRL Inc. because, on information and belief, DRL Inc. is a company organized and existing under the laws of the state of New Jersey, is qualified to do business in New Jersey, and has its principal place of business in New Jersey.

24. In view of the foregoing, DRL. Inc. is subject to general personal jurisdiction in New Jersey.

25. This Court has personal jurisdiction over DRL Ltd. because DRL Ltd., in concert with its subsidiary DRL Inc., among other things, has committed, aided, abetted, contributed, and/or participated in an act of patent infringement under 35 U.S.C. § 271(e)(2) by preparing and filing portions of its ANDA No. 219312 in New Jersey, and intends to engage in a future course of

4

conduct that includes acts of patent infringement under 35 U.S.C. § 271(a), (b), and/or (c) in New Jersey. These acts have led and will continue to lead to foreseeable harm and injury to Esperion. For example, upon information and belief, following approval of ANDA No. 219312, DRL Ltd., in concert with its subsidiary DRL Inc., will make, use, import, sell, and/or offer for sale the DRL NEXLETOL® ANDA Product in the United States, including in New Jersey, prior to the expiration of U.S. Patent Nos. 7,335,799, 11,760,714 and 11,613,511.

26.     This Court has personal jurisdiction over DRL Ltd. because DRL Ltd., in concert with its subsidiary DRL Inc., among other things, has committed, aided, abetted, contributed, and/or participated in an act of patent infringement under 35 U.S.C. § 271(e)(2) by preparing and filing portions of its ANDA No. 219331 in New Jersey, and intends to engage in a future course of conduct that includes acts of patent infringement under 35 U.S.C. § 271(a), (b), and/or (c) in New Jersey. These acts have led and will continue to lead to foreseeable harm and injury to Esperion. For example, upon information and belief, following approval of ANDA No. 219331, DRL Ltd., in concert with its subsidiary DRL Inc., will make, use, import, sell, and/or offer for sale the DRL NEXLIZET® ANDA Product in the United States, including in New Jersey, prior to the expiration of U.S. Patent Nos. 7,335,799, 11,760,714, 11,613,511, 10,912,751, and 11,744,816.

27.     This Court also has personal jurisdiction over DRL Ltd. because, among other things, this action arises from DRL Ltd.'s, and its subsidiary DRL Inc.'s, concerted actions directed toward New Jersey, and because, upon information and belief, DRL Ltd., and its subsidiary DRL Inc., have purposefully availed themselves of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with New Jersey, including by, among other things, (1) intentionally marketing and providing its generic pharmaceutical products to residents of New Jersey; (2) enjoying substantial income from New Jersey; (3) creating a presence in New Jersey through the registration of DRL Inc. with both New Jersey Division of Revenue and Enterprise

Services, as a business operating in New Jersey under Business Entity ID No. 0100518911, and the New Jersey Department of Health, as a drug manufacturer and wholesaler, and maintaining a Drug and Medical Device Certificate under Registration No. 5002312; and (4) working in concert to develop and market pharmaceutical products, including in New Jersey, with its subsidiary DRL Inc., a corporation organized and existing under the laws of the State of New Jersey. DRL Ltd. has, therefore, purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.

28.     In addition, this Court has personal jurisdiction over DRL Ltd. because, among other things, upon information and belief, (1) DRL Ltd. in concert with its subsidiary DRL Inc. filed their ANDAs for the purpose of seeking approval to engage in the commercial manufacture, use, sale, or offer for sale of the DRL NEXLETOL® ANDA Product and the DRL NEXLIZET® ANDA Product in the United States, including in New Jersey, and (2) upon approval of DRL Inc. and DRL Ltd.'s ANDAs, they will market, distribute, offer for sale, sell, and/or import the DRL NEXLETOL® ANDA Product and the DRL NEXLIZET® ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of these DRL ANDA Products in New Jersey. Upon information and belief, upon approval of DRL. Inc. and DRL Ltd.'s ANDAs, the DRL NEXLETOL® ANDA Product and the DRL NEXLIZET® ANDA Product will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which would have substantial effects on New Jersey and lead to foreseeable harm and injury to Esperion.

29.     This Court also has personal jurisdiction over DRL Ltd. because DRL Ltd. regularly engages in patent litigation in this forum, and affirmatively avail itself of the jurisdiction of this Court by filing counterclaims in this District and by being sued in this District without challenging

personal jurisdiction including in at least *Novo Nordisk Inc. v. Dr. Reddy's Labs., Ltd.*, 23-cv-22112, Dkt. No. 12 (D.N.J. filed Feb. 5, 2024); *Merck Sharp & Dohme BV v. Dr. Reddy's Labs., Inc.*, 20-cv-02909, Dkt. No. 11 (D.N.J. filed Jun. 8, 2020); and *AstraZeneca LP v. Dr. Reddy's Labs. Ltd.*, 19-cv-15739, Dkt. No. 11 (D.N.J. filed Jan. 10, 2020).

30.    This Court also has personal jurisdiction over DRL Ltd. because, upon information and belief, DRL Ltd. worked with its subsidiary DRL Inc. in New Jersey to prepare the certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("paragraph IV certifications") regarding ANDA Nos. 219312 and 219331, and designated, pursuant to 21 C.F.R. § 314.95(c)(9), its New Jersey in-house counsel, Anjum Swaroop, PhD., Esq. of DRL Inc., to be its agent in the United States authorized to accept service of process in New Jersey on both DRL Inc. and DRL Ltd.'s behalf in relation to its ANDA Nos. 219312 and 219331.

31.    Based on the foregoing systematic and continuous contacts with New Jersey, DRL Ltd. is subject to specific personal jurisdiction in New Jersey.

32.    Upon information and belief, DRL Ltd.'s contacts with other states of the United States are no greater than its contacts with New Jersey. Therefore, to the extent DRL Ltd. denies that this Court has personal jurisdiction over it because of its systematic and continuous contacts with New Jersey, this Court also has personal jurisdiction over DRL Ltd. pursuant to Federal Rule of Civil Procedure 4(k)(2)(A) because DRL Ltd. is not subject to the general jurisdiction of the courts of any state, and based on its contacts with the United States as a whole.

33.    For at least the above reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, it would not be unfair or unreasonable for DRL Inc. and DRL Ltd. to litigate this action in this Court, and DRL Inc. and DRL Ltd. are subject to personal jurisdiction in New Jersey.

7

34.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b). *In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

35.    Venue is proper in this Court as to DRL Inc. under 28 U.S.C. § 1400(b) because it is a company organized and existing under the laws of the State of New Jersey and is subject to personal jurisdiction in this Court, as set forth above, has committed acts of infringement, and, upon information and belief, will commit further acts of infringement in New Jersey.

36.    Venue is proper in this Court as to DRL Ltd. under 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because, upon information and belief, DRL Ltd. is a corporation organized under the laws of India, is not a resident of the United States, and thus may be sued in any jurisdiction. 28 U.S.C. §§ 1391(c)(3); *HTC*, 889 F.3d at 1354.

37.    Venue is also proper in this Court for DRL Ltd. because, among other things, DRL Ltd. has a regular and established place of business in New Jersey at least because, upon information and belief, it: (1) acted in concert with its subsidiary DRL Inc. to seek approval from the FDA to market and sell the DRL NEXLETOL® ANDA Product and the DRL NEXLIZET® ANDA Product in New Jersey; and (2) in concert with its subsidiary DRL Inc. engaged in regular and established business contacts with New Jersey by, among other things, marketing, making, shipping, using, offering to sell or selling pharmaceutical products in New Jersey, and deriving substantial revenue from such activities.

## THE PATENTS-IN-SUIT

38.    U.S. Patent No. 7,335,799 (the "'799 Patent"), entitled "Hydroxyl Compounds and Compositions for Cholesterol Management and Related Uses," was duly and legally issued on February 26, 2008. A true and correct copy of the '799 Patent is attached hereto as "Exhibit A."

39.    Esperion is the assignee of, and holds all rights, title, and interest in the '799 Patent.

40.    The '799 Patent currently expires on December 3, 2030.

41. U.S. Patent No. 11,760,714 (the "'714 Patent"), entitled "Methods of Making Bempedoic Acid and Compositions of the Same," was duly and legally issued on September 19, 2023. A true and correct copy of the '714 Patent is attached hereto as "Exhibit B."

42. Esperion is the assignee of, and holds all rights, title, and interest in the '714 Patent.

43. The '714 Patent currently expires on June 19, 2040.

44. U.S. Patent No. 11,613,511 (the "'511 Patent"), entitled "Methods of Making Bempedoic Acid and Compositions of the Same," was duly and legally issued on March 28, 2023. A true and correct copy of the '511 Patent is attached hereto as "Exhibit C."

45. Esperion is the assignee of, and holds all rights, title, and interest in the '511 Patent.

46. The '511 Patent currently expires on June 19, 2040.

47. U.S. Patent No. 10,912,751 (the "'751 Patent"), entitled "Fixed Dose Combinations and Formulations Comprising ETC1002 and Ezetimibe and Methods of Treating or Reducing the Risk of Cardiovascular Disease," was duly and legally issued on February 9, 2021. A true and correct copy of the '751 Patent is attached hereto as "Exhibit D."

48. Esperion is the assignee of, and holds all rights, title, and interest in the '751 Patent.

49. The '751 Patent currently expires on March 14, 2036.

50. U.S. Patent No. 11,744,816 (the "'816 Patent"), entitled "Fixed Dose Combinations and Formulations Comprising ETC1002 and Ezetimibe and Methods of Treating or Reducing the Risk of Cardiovascular Disease," was duly and legally issued on September 5, 2023. A true and correct copy of the '816 Patent is attached hereto as "Exhibit E."

51. Esperion is the assignee of, and holds all rights, title, and interest in the '816 Patent.

52. The '816 Patent currently expires on March 14, 2036

53. All claims of the '799, '714, '511, '751, and '816 Patents are valid, enforceable, and not expired.

**ESPERION'S NEXLETOL PRODUCT**

54.    Esperion is a research-driven pharmaceutical company that discovers, develops, manufactures, and markets life-saving pharmaceutical products, including NEXLETOL® and NEXLIZET®.

55.    Esperion is the holder of New Drug Application ("NDA") No. 211616, which was approved by the FDA on February 21, 2020, for the marketing and sale of bempedoic acid in the United States under the trade name "NEXLETOL®." Esperion sells NEXLETOL® in the United States pursuant to NDA No. 211616.

56.    NEXLETOL® (bempedoic acid) is an adenosine triphosphate-citrate lyase (ACL) inhibitor indicated to 1) reduce the risk of myocardial infarction and coronary revascularization in adults who are unable to take recommended statin therapy (including those not taking a statin) with established cardiovascular disease (CVD), or a high risk for a CVD event but without established CVD and 2) as an adjunct to diet, in combination with other low-density lipoprotein cholesterol (LDL-C) lowering therapies, or alone when concomitant LDL-C lowering therapy is not possible, to reduce LDL-C in adults with primary hyperlipidemia, including heterozygous familial hypercholesterolemia (HeFH).

57.    Bempedoic acid, the active pharmaceutical ingredient in NEXLETOL®, has the chemical name 8-hydroxy-2,2,14,14-tetramethyl-pentadecanedioic acid and has the following chemical structure:

58.    The claims of the '799, '714, and '511 Patents cover NEXLETOL®.

59.     The '799, '714, and '511 Patents have been listed in connection with NEXLETOL®

in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*,

referred to as the "Orange Book."[1]

<b><u>ESPERION'S NEXLIZET PRODUCT</u></b>

60.     Esperion is the holder of NDA No. 211617, which was approved by the FDA on

February 26, 2020, for the marketing and sale of a combined bempedoic acid and ezetimibe product

in the United States under the trade name "NEXLIZET®." Esperion sells NEXLIZET® in the

United States pursuant to NDA No. 211617.

61.     NEXLIZET® is a combination of bempedoic acid, an adenosine triphosphate citrate

lyase (ACL) inhibitor, and ezetimibe, a dietary cholesterol absorption inhibitor, indicated as an

adjunct to diet, alone or in combination with other low-density lipoprotein cholesterol (LDL-C)

lowering therapies, to reduce LDL-C in adults with primary hyperlipidemia, including

heterozygous familial hypercholesterolemia (HeFH). The bempedoic acid component of

NEXLIZET® is indicated to reduce the risk of myocardial infarction and coronary revascularization

in adults who are unable to take recommended statin therapy (including those not taking a statin)

with (1) established cardiovascular disease (CVD), or (2) a high risk for a CVD event but without

established CVD.

---

[1] The '816 Patent has also been listed in connection with NEXLETOL® in the Orange Book, but DRL has not indicated in its NEXLETOL® Notice Letter (defined below) that it has submitted a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '816 Patent.

62.    Bempedoic acid, one of the active pharmaceutical ingredients in NEXLIZET®, has the chemical name 8-hydroxy-2,2,14,14-tetramethyl-pentadecanedioic acid and has the following chemical structure:

63.    Ezetimibe, the other active pharmaceutical ingredient in NEXLIZET®, has the chemical name 1-(4-fluorophenyl)-3(R)-[3-(4-fluorophenyl)-3(S)-hydroxypropyl]-4(S)-(4-hydroxyphenyl)-2-azetidinone.

64.    The claims of the '799, '714, '511, '751, and '816 Patents cover NEXLIZET®.

65.    The '799, '714, '511, '751, and '816 Patents have been listed in connection with NEXLIZET® in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, referred to as the "Orange Book."

## DRL'S NEXLETOL® ANDA PRODUCT

66.    By letter dated April 9, 2024, and received by Esperion via Federal Express no earlier than on April 10, 2024 (the "NEXLETOL® Notice Letter"), DRL notified Esperion that DRL had submitted ANDA No. 219312 to the FDA for a generic version of NEXLETOL®.

67.    The NEXLETOL® Notice Letter states that DRL seeks approval from the FDA to engage in the commercial manufacture, use, or sale of the DRL NEXLETOL® ANDA product before the expiration of the '799, '714, and '511 Patents. Upon information and belief, DRL intends to – directly or indirectly – engage in the commercial manufacture, use, and sale of the DRL NEXLETOL® ANDA product promptly upon receiving FDA approval to do so.

68.     By submitting ANDA No. 219312, DRL has represented to the FDA that the DRL NEXLETOL® ANDA Product has the same active ingredient, dosage form, and strength as NEXLETOL® and is bioequivalent to NEXLETOL®.

69.     In the NEXLETOL® Notice Letter, DRL stated that ANDA No. 219312 included a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '799, '714 and '511 Patents. DRL also contended that the '799, '714 and '511 Patents are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, or sale of the DRL NEXLETOL® ANDA Product.

70.     Upon information and belief, DRL had knowledge of the '799, '714 and '511 Patents when it submitted ANDA No. 219312 to the FDA.

71.     Upon information and belief, DRL intends to engage in the manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLETOL® ANDA Product immediately and imminently upon approval of ANDA No. 219312.

72.     DRL's NEXLETOL® Notice Letter identified invalidity and non-infringement positions with respect to the '799, '714 and '511 Patents and included limited information about the DRL NEXLETOL® ANDA Product. DRL's Offer of Confidential Access permitted access only to limited, unspecified portions of DRL's ANDAs on terms and conditions set by DRL.

73.     On April 15, 2024, Esperion first requested DRL send its proposed Offer of Confidential Access to permit Esperion access to, among other things, the entirety of ANDA No. 219312.

74.     On April 16, 2024, DRL sent Esperion its proposed Offer of Confidential Access to permit Esperion access to limited portions of ANDA No. 219312 on terms and conditions set by DRL.

75.     On April 29, 2024, Esperion sent DRL a proposed revision of the Offer of Confidential Access to permit Esperion access to, among other things, the entirety of ANDA No. 219312.

76.     DRL has not provided a substantive response to Esperion's proposed revision of the Offer of Confidential Access. DRL refused to produce the entirety of ANDA No. 219312 to Esperion and refused to provide samples of its ANDA Product or components.

77.     This action is being commenced before the expiration of forty-five days from the date of Esperion's receipt of the NEXLETOL® Notice Letter.

**DRL'S NEXLIZET® ANDA PRODUCT**

78.     By letter dated April 29, 2024, and received by Esperion via Federal Express no earlier than on May 1, 2024 (the "NEXLIZET® Notice Letter"), DRL notified Esperion that DRL had submitted ANDA No. 219331 to the FDA for a generic version of NEXLIZET® (the DRL NEXLIZET® ANDA Product").

79.     The NEXLIZET® Notice Letter states that DRL seeks approval from the FDA to engage in the commercial manufacture, use, or sale of the DRL NEXLIZET® ANDA product before the expiration of the '799, '714, '511, '751, and '816 Patents. Upon information and belief, DRL intends to – directly or indirectly – engage in the commercial manufacture, use, and sale of the DRL NEXLIZET® ANDA product promptly upon receiving FDA approval to do so.

80.     By submitting ANDA No. 219331, DRL has represented to the FDA that the DRL NEXLIZET® ANDA Product has the same active ingredient, dosage form, and strength as NEXLIZET® and is bioequivalent to NEXLIZET®.

81.     In the NEXLIZET® Notice Letter, DRL stated that ANDA No. 219331 included a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '799, '714, '511, '751, and '816 Patents. DRL also contended that the '799, '714, '511, '751, and '816

Patents are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, or sale of the DRL NEXLIZET® ANDA Product.

82.    Upon information and belief, DRL had knowledge of the '799, '714, '511, '751, and '816 Patents when it submitted ANDA No. 219331 to the FDA.

83.    Upon information and belief, DRL intends to engage in the manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLIZET® ANDA Product immediately and imminently upon approval of ANDA No. 219331.

84.    DRL's NEXLIZET® Notice Letter identified invalidity and noninfringement positions with respect to the '799, '714, '511, '751, and '816 Patents and included limited information about the DRL NEXLIZET® ANDA Product. DRL's Offer of Confidential Access permitted access only to limited, unspecified portions of DRL's ANDAs on terms and conditions set by DRL.

85.    On April 15, 2024, Esperion requested DRL send its proposed Offer of Confidential Access to permit Esperion access to, among other things, the entirety of ANDA No. 219331.

86.    DRL has not provided Esperion with any portions of its ANDA No. 219331 and refused to provide samples of its ANDA Product or components.

87.    This action is being commenced before the expiration of forty-five days from the date of Esperion's receipt of the NEXLIZET® Notice Letter.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,335,799 BY DRL'S NEXLETOL® ANDA PRODUCT

88.    Esperion incorporates each of the preceding paragraphs 1-87 as if fully set forth herein.

89.    Claim 1 of the '799 Patent requires a compound of the formula (I):

1

or a pharmaceutically acceptable salt, hydrate, solvate or mixture thereof, wherein: (a) each occurrence of m is independently an integer ranging from 0 to 5; (b) each occurrence of n is independently an integer ranging from 3 to 7; (c) X is $(CH_2)_2$ or Ph, wherein z is an integer from 0 to 4 and Ph is a 1,2-, 1,3-, or 1,4 substituted phenyl group; (d) each occurrence of $R^1$, $R^2$, $R^{11}$, and $R^{12}$ is independently H, $(C_1-C_6)$alkyl, $(C_2-C_6)$alkenyl, $(C_2-C_6)$alkynyl, phenyl, or benzyl, wherein $R^1$, $R^2$, $R^{11}$, and $R^{12}$ are not each simultaneously H; and (e) each occurrence of $Y^1$ and $Y^2$ is independently $(C_1-C_6)$alkyl, OH, COOH, $COOR^3$, $SO_3H$,

16

-continued

wherein: (i) $Y^1$ and $Y^2$ are not each simultaneously $(C_1-C_6)$alkyl; (ii) $R^3$ is $(C_1-C_6)$alkyl, $(C_2-C_6)$alkenyl, $(C_2-C_6)$alkynyl, phenyl, or benzyl and is unsubstituted or substituted with one or more halo, OH, $(C_1-C_6)$alkoxy, or phenyl groups.

17

90.    Claim 12 of the '799 Patent requires a compound according to claim 1 wherein said compound has the structure:

8-Hydroxy-2,2,14,14-tetramethyl-pentadecanedioic acid;

or a pharmaceutically acceptable salt, hydrate, or solvate thereof.

91.    DRL's submission of ANDA No. 219312 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLETOL® ANDA Product before the expiration of the '799 Patent constituted an act of infringement of the claims of the '799 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

92.    DRL's commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLETOL® ANDA Product prior to expiration of the '799 Patent, and DRL's inducement of and/or contribution to such conduct, would further infringe at least claims 1 and 12 of the '799 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

93.    Upon information and belief, upon FDA approval of ANDA No. 219312, DRL intends to, and will, infringe at least claims 1 and 12 of the '799 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the DRL NEXLETOL® ANDA Product, unless enjoined by the Court.

94.    Upon information and belief, by virtue of its listing in the Orange Book and identification in DRL's NEXLETOL® Notice Letter, DRL has knowledge of the '799 Patent and knowledge that its DRL NEXLETOL® ANDA Product will infringe the '799 Patent.

95.    Upon information and belief, DRL intends to, and will, actively induce infringement of at least claims 1 and 12 of the '799 Patent under 35 U.S.C. § 271(b) when ANDA No. 219312

18

is approved by marketing the DRL NEXLETOL® ANDA Product and encouraging doctors and patients to infringe the '799 Patent, unless enjoined by the Court.

96.    Upon information and belief, DRL intends to, and will, contribute to infringement of at least claims 1 and 12 of the '799 Patent under 35 U.S.C. § 271(c) when ANDA No. 219312 is approved, unless enjoined by the Court, because DRL knows that the DRL NEXLETOL® ANDA Product is especially made or adapted for use in infringing the '799 Patent, and that the DRL NEXLETOL® ANDA Product is not suitable for substantial noninfringing use.

97.    DRL's infringement is imminent because, among other things, DRL has notified Esperion of the submission of its ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLETOL® ANDA Product before the expiration of the '799 Patent.

98.    Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '799 Patent.

99.    Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that DRL's making, using, offering to sell, selling, and/or importing the DRL NEXLETOL® ANDA Product, inducement thereof or contribution thereto, will infringe the '799 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

100.   Unless DRL is enjoined from directly or indirectly infringing the '799 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,335,799 BY DRL'S NEXLIZET® ANDA PRODUCT

101.   Esperion incorporates each of the preceding paragraphs 1-100 as if fully set forth herein.

102.   Claim 1 of the '799 Patent requires a compound of the formula (I):

19

or a pharmaceutically acceptable salt, hydrate, solvate or mixture thereof, wherein: (a) each occurrence of m is independently an integer ranging from 0 to 5; (b) each occurrence of n is independently an integer ranging from 3 to 7; (c) X is $(CH_2)_z$ or Ph, wherein z is an integer from 0 to 4 and Ph is a 1,2-, 1,3-, or 1,4 substituted phenyl group; (d) each occurrence of $R^1$, $R^2$, $R^{11}$, and $R^{12}$ is independently H, $(C_1\text{-}C_6)$alkyl, $(C_2\text{-}C_6)$alkenyl, $(C_2\text{-}C_6)$alkynyl, phenyl, or benzyl, wherein $R^1, R^2, R^{11}$, and $R^{12}$ are not each simultaneously H; and (e) each occurrence of $Y^1$ and $Y^2$ is independently $(C_1\text{-}C_6)$alkyl, OH, COOH, $COOR^3$, $SO_3H$,

20

-continued

wherein: (i) $Y^1$ and $Y^2$ are not each simultaneously $(C_1-C_6)$alkyl; (ii) $R^3$ is $(C_1-C_6)$alkyl, $(C_2-C_6)$alkenyl, $(C_2-C_6)$alkynyl, phenyl, or benzyl and is unsubstituted or substituted with one or more halo, OH, $(C_1-C_6)$alkoxy, or phenyl groups.

21

103.    Claim 12 of the '799 Patent requires a compound according to claim 1 wherein said compound has the structure:

8-Hydroxy-2,2,14,14-tetramethyl-pentadecanedioic acid;

or a pharmaceutically acceptable salt, hydrate, or solvate thereof.

104.    DRL's submission of ANDA No. 219331 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLIZET® ANDA Product before the expiration of the '799 Patent constituted an act of infringement of the claims of the '799 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

105.    DRL's commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLIZET® ANDA Product prior to expiration of the '799 Patent, and DRL's inducement of and/or contribution to such conduct, would further infringe at least claims 1 and 12 of the '799 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

106.    Upon information and belief, upon FDA approval of ANDA No. 219331, DRL intends to, and will, infringe at least claims 1 and 12 of the '799 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the DRL NEXLIZET® ANDA Product, unless enjoined by the Court.

107.    Upon information and belief, by virtue of its listing in the Orange Book and identification in DRL's NEXLIZET® Notice Letter, DRL has knowledge of the '799 Patent and knowledge that its DRL NEXLIZET® ANDA Product will infringe the '799 Patent.

108.    Upon information and belief, DRL intends to, and will, actively induce infringement of at least claims 1 and 12 of the '799 Patent under 35 U.S.C. § 271(b) when ANDA No. 219331

22

is approved by marketing the DRL NEXLIZET® ANDA Product and encouraging doctors and patients to infringe the '799 Patent, unless enjoined by the Court.

109.    Upon information and belief, DRL intends to, and will, contribute to infringement of at least claims 1 and 12 of the '799 Patent under 35 U.S.C. § 271(c) when ANDA No. 219331 is approved, unless enjoined by the Court, because DRL knows that the DRL NEXLIZET® ANDA Product is especially made or adapted for use in infringing the '799 Patent, and that the DRL NEXLIZET® ANDA Product is not suitable for substantial noninfringing use.

110.    DRL's infringement is imminent because, among other things, DRL has notified Esperion of the submission of its ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLIZET® ANDA Product before the expiration of the '799 Patent.

111.    Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '799 Patent.

112.    Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that DRL's making, using, offering to sell, selling, and/or importing the DRL NEXLIZET® ANDA Product, inducement thereof or contribution thereto, will infringe the '799 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

113.    Unless DRL is enjoined from directly or indirectly infringing the '799 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,760,714 BY DRL'S NEXLETOL® ANDA PRODUCT

114.    Esperion incorporates each of the preceding paragraphs 1-113 as if fully set forth herein.

23

115.    Claim 1 of the '714 Patent requires a pharmaceutical composition, comprising: a pharmaceutical material comprising a crystalline form of the compound of formula (V):

(V)

or a pharmaceutically acceptable salt thereof; wherein the pharmaceutical material comprises the compound of formula (V), or a pharmaceutically acceptable salt thereof, in an amount greater than 98% by weight based on the total weight of the pharmaceutical material, and the pharmaceutical material comprises 0.0001 % to less than or equal to 0.15% of a compound of formula (VI):

(VI)

and a pharmaceutically acceptable excipient.

116.    DRL's submission of ANDA No. 219312 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLETOL® ANDA Product before the expiration of the '714 Patent constituted an act of infringement of the claims of the '714 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

117.    DRL's commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLETOL® ANDA Product prior to expiration of the '714 Patent, and DRL's inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '714 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

118.    Upon information and belief, upon FDA approval of ANDA No. 219312, DRL intends to, and will, infringe at least claim 1 of the '714 Patent under 35 U.S.C. § 271(a), either

literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the DRL NEXLETOL® ANDA Product, unless enjoined by the Court.

119.   Upon information and belief, by virtue of its listing in the Orange Book and identification in DRL's NEXLETOL® Notice Letter, DRL has knowledge of the '714 Patent and knowledge that its DRL NEXLETOL® ANDA Product will infringe the '714 Patent.

120.   Upon information and belief, DRL intends to, and will, actively induce infringement of at least claim 1 of the '714 Patent under 35 U.S.C. § 271(b) when ANDA No. 219312 is approved by marketing the DRL NEXLETOL® ANDA Product and encouraging doctors and patients to infringe the '714 Patent, unless enjoined by the Court.

121.   Upon information and belief, DRL intends to, and will, contribute to infringement of at least claim 1 of the '714 Patent under 35 U.S.C. § 271(c) when ANDA No. 219312 is approved, unless enjoined by the Court, because DRL knows that the DRL NEXLETOL® ANDA Product is especially made or adapted for use in infringing the '714 Patent, and that the DRL NEXLETOL® ANDA Product is not suitable for substantial noninfringing use.

122.   DRL's infringement is imminent because, among other things, DRL has notified Esperion of the submission of its ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLETOL® ANDA Product before the expiration of the '714 Patent.

123.   Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '714 Patent.

124.   Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that DRL's making, using, offering to sell, selling, and/or importing the DRL NEXLETOL® ANDA Product, inducement thereof or contribution thereto, will infringe the '714 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

125.   Unless DRL is enjoined from directly or indirectly infringing the '714 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,760,714 BY DRL'S NEXLIZET® ANDA PRODUCT

126.   Esperion incorporates each of the preceding paragraphs 1-125 as if fully set forth herein.

127.   Claim 1 of the '714 Patent requires a pharmaceutical composition, comprising: a pharmaceutical material comprising a crystalline form of the compound of formula (V):

or a pharmaceutically acceptable salt thereof; wherein the pharmaceutical material comprises the compound of formula (V), or a pharmaceutically acceptable salt thereof, in an amount greater than 98% by weight based on the total weight of the pharmaceutical material, and the pharmaceutical material comprises 0.0001 % to less than or equal to 0.15% of a compound of formula (VI):

and a pharmaceutically acceptable excipient.

128.   DRL's submission of ANDA No. 219331 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLIZET® ANDA Product before the expiration of the '714 Patent constituted an act of infringement of the claims of the '714 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

129. DRL's commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLIZET® ANDA Product prior to expiration of the '714 Patent, and DRL's inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '714 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

130. Upon information and belief, upon FDA approval of ANDA No. 219331, DRL intends to, and will, infringe at least claim 1 of the '714 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the DRL NEXLIZET® ANDA Product, unless enjoined by the Court.

131. Upon information and belief, by virtue of its listing in the Orange Book and identification in DRL's NEXLIZET® Notice Letter, DRL has knowledge of the '714 Patent and knowledge that its DRL NEXLIZET® ANDA Product will infringe the '714 Patent.

132. Upon information and belief, DRL intends to, and will, actively induce infringement of at least claim 1 of the '714 Patent under 35 U.S.C. § 271(b) when ANDA No. 219331 is approved by marketing the DRL NEXLIZET® ANDA Product and encouraging doctors and patients to infringe the '714 Patent, unless enjoined by the Court.

133. Upon information and belief, DRL intends to, and will, contribute to infringement of at least claim 1 of the '714 Patent under 35 U.S.C. § 271(c) when ANDA No. 219331 is approved, unless enjoined by the Court, because DRL knows that the DRL NEXLIZET® ANDA Product is especially made or adapted for use in infringing the '714 Patent, and that the DRL NEXLIZET® ANDA Product is not suitable for substantial noninfringing use.

134. DRL's infringement is imminent because, among other things, DRL has notified Esperion of the submission of its ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLIZET® ANDA Product before the expiration of the '714 Patent.

135. Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '714 Patent.

136. Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that DRL's making, using, offering to sell, selling, and/or importing the DRL NEXLIZET® ANDA Product, inducement thereof or contribution thereto, will infringe the '714 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

137. Unless DRL is enjoined from directly or indirectly infringing the '714 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 11,613,511
BY DRL'S NEXLETOL® ANDA PRODUCT**

138. Esperion incorporates each of the preceding paragraphs 1-137 as if fully set forth herein.

139. Claim 1 of the '511 Patent requires a pharmaceutical material comprising a crystalline form of the compound of formula (V):

(V)

or a pharmaceutically acceptable salt thereof; wherein the pharmaceutical material comprises the compound of formula (V), or a pharmaceutically acceptable salt thereof, in an amount greater than 99.0% by weight based on the total weight of the pharmaceutical material, the pharmaceutical material comprises 0.0001 % to less than or equal to 0.15% of a compound of formula (VI):

(VI)

and the crystalline form of the compound of formula (V) exhibits an X-ray powder diffraction pattern comprising peaks at the following diffraction angles (2θ): 10.3±0.2, 10.4±0.2, 17.9±0.2, 18.8±0.2, 19.5±0.2, and 20.7±0.2.

140.    DRL's submission of ANDA No. 219312 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLETOL® ANDA Product before the expiration of the '511 Patent constituted an act of infringement of the claims of the '511 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

141.    DRL's commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLETOL® ANDA Product prior to expiration of the '511 Patent, and DRL's inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '511 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

142.    Upon information and belief, upon FDA approval of ANDA No. 219312, DRL intends to, and will, infringe at least claim 1 of the '511 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the DRL NEXLETOL® ANDA Product, unless enjoined by the Court.

143.    Upon information and belief, by virtue of its listing in the Orange Book and identification in DRL's NEXLETOL® Notice Letter, DRL has knowledge of the '511 Patent and knowledge that its DRL NEXLETOL® ANDA Product will infringe the '511 Patent.

144.    Upon information and belief, DRL intends to, and will, actively induce infringement of at least claim 1 of the '511 Patent under 35 U.S.C. § 271(b) when ANDA No. 219312 is approved by marketing the DRL NEXLETOL® ANDA Product and encouraging doctors and patients to infringe the '511 Patent, unless enjoined by the Court.

145. Upon information and belief, DRL intends to, and will, contribute to infringement of at least claim 1 of the '511 Patent under 35 U.S.C. § 271(c) when ANDA No. 219312 is approved, unless enjoined by the Court, because DRL knows that the DRL NEXLETOL® ANDA Product is especially made or adapted for use in infringing the '511 Patent, and that the DRL NEXLETOL® ANDA Product is not suitable for substantial noninfringing use.

146. Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '511 Patent.

147. Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that DRL's making, using, offering to sell, selling, and/or importing the DRL NEXLETOL® ANDA Product, inducement thereof or contribution thereto, will infringe the '511 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

148. Unless DRL is enjoined from directly or indirectly infringing the '511 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 11,613,511 BY DRL'S NEXLIZET® ANDA PRODUCT

149. Esperion incorporates each of the preceding paragraphs 1-148 as if fully set forth herein.

150. Claim 1 of the '511 Patent requires a pharmaceutical material comprising a crystalline form of the compound of formula (V):

or a pharmaceutically acceptable salt thereof; wherein the pharmaceutical material comprises the compound of formula (V), or a pharmaceutically acceptable salt thereof, in an amount greater than

99.0% by weight based on the total weight of the pharmaceutical material, the pharmaceutical material comprises 0.0001 % to less than or equal to 0.15% of a compound of formula (VI):

(VI)

and the crystalline form of the compound of formula (V) exhibits an X-ray powder diffraction pattern comprising peaks at the following diffraction angles (2θ): 10.3±0.2, 10.4±0.2, 17.9±0.2, 18.8±0.2, 19.5±0.2, and 20.7±0.2.

151.    DRL's submission of ANDA No. 219331 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLIZET® ANDA Product before the expiration of the '511 Patent constituted an act of infringement of the claims of the '511 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

152.    DRL's commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLIZET® ANDA Product prior to expiration of the '511 Patent, and DRL's inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '511 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

153.    Upon information and belief, upon FDA approval of ANDA No. 219331, DRL intends to, and will, infringe at least claim 1 of the '511 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the DRL NEXLIZET® ANDA Product, unless enjoined by the Court.

154.    Upon information and belief, by virtue of its listing in the Orange Book and identification in DRL's NEXLIZET® Notice Letter, DRL has knowledge of the '511 Patent and knowledge that its DRL NEXLIZET® ANDA Product will infringe the '511 Patent.

31

155. Upon information and belief, DRL intends to, and will, actively induce infringement of at least claim 1 of the '511 Patent under 35 U.S.C. § 271(b) when ANDA No. 219331 is approved by marketing the DRL NEXLIZET® ANDA Product and encouraging doctors and patients to infringe the '511 Patent, unless enjoined by the Court.

156. Upon information and belief, DRL intends to, and will, contribute to infringement of at least claim 1 of the '511 Patent under 35 U.S.C. § 271(c) when ANDA No. 219331 is approved, unless enjoined by the Court, because DRL knows that the DRL NEXLIZET® ANDA Product is especially made or adapted for use in infringing the '511 Patent, and that the DRL NEXLIZET® ANDA Product is not suitable for substantial noninfringing use.

157. Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '511 Patent.

158. Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that DRL's making, using, offering to sell, selling, and/or importing the DRL NEXLIZET® ANDA Product, inducement thereof or contribution thereto, will infringe the '511 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

159. Unless DRL is enjoined from directly or indirectly infringing the '511 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

### COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 10,912,751 BY DRL'S NEXLIZET® ANDA PRODUCT

160. Esperion incorporates each of the preceding paragraphs 1-159 as if fully set forth herein.

161. Claim 1 of the '751 Patent claims a method of treating familial hypercholesterolemia in a subject in need thereof, the method comprising administering a fixed-dosed combination of 8-hydroxy-2,2,14,14-tetramethylpentadecanedioic acid and Ezetimibe to the subject, wherein the

32

fixed-dose combination comprises a fixed 180 milligram (mg) dose of 8-hydroxy-2,2, 14, 14-tetramethylpentadecanedioic acid and a fixed 10 milligram (mg) dose of Ezetimibe.

162.    DRL's submission of ANDA No. 219331 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLIZET® ANDA Product before the expiration of the '751 Patent constituted an act of infringement of the claims of the '751 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

163.    DRL's commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLIZET® ANDA Product prior to expiration of the '751 Patent, and DRL's inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '751 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(b), and/or (c).

164.    Upon information and belief, upon FDA approval of DRL's ANDA No. 219331, DRL will infringe at least claim 1 of the '751 Patent by making, using, offering to sell, and selling the DRL NEXLIZET® ANDA Product in the United States and/or importing said product into the United States, and/or by actively inducing or contributing to infringement of the '751 Patent by others, under at least 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

165.    Upon information and belief, DRL specifically intends to, and will, actively induce infringement of at least claim 1 of the '751 Patent under 35 U.S.C. § 271(b) when ANDA No. 219331 is approved by marketing the DRL NEXLIZET® ANDA Product and encouraging patients, medical practitioners, and/or other third parties to infringe at least claim 1 the '751 Patent, unless enjoined by the Court.

166.    Upon information and belief, DRL's ANDA No. 219331 includes a proposed package insert with directions that instructs patients, medical practitioners, and/or other third parties to administer and/or to prescribe the DRL NEXLIZET® ANDA Product.

167.    Upon information and belief, upon FDA approval of ANDA No. 219331, DRL intends to, and will, engage in the commercial making, using, offering to sell, selling, and/or importing the DRL NEXLIZET® ANDA Product, unless enjoined by the Court, and the DRL NEXLIZET® ANDA Product will be administered by patients, medical practitioners, and/or other third parties in the United States according to the directions and instructions in the proposed package insert.

168.    On information and belief, the proposed package insert will include a method of treating familial hypercholesterolemia in a subject in need thereof, the method comprising administering a fixed-dosed combination of 8-hydroxy-2,2,14,14-tetramethylpentadecanedioic acid and Ezetimibe to the subject, wherein the fixed-dose combination comprises a fixed 180 milligram (mg) dose of 8-hydroxy-2,2, 14, 14-tetramethylpentadecanedioic acid and a fixed 10 milligram (mg) dose of Ezetimibe.

169.    Upon information and belief, the use of the DRL NEXLIZET® ANDA Product by patients, medical practitioners, and/or other third parties according to the proposed package insert will constitute an act of direct infringement by those patients, medical practitioners, and/or other third parties of at least claim 1 of the '751 Patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

170.    Upon information and belief, by virtue of its listing in the Orange Book and identification in DRL's NEXLIZET® Notice Letter, DRL has knowledge of the '751 Patent and knowledge that its DRL NEXLIZET® ANDA Product will infringe the '751 Patent.

171.    On information and belief, DRL is aware, has knowledge, and/or is willfully blind to the fact that patients, medical practitioners, and/or other third parties will administer and/or prescribe, the DRL NEXLIZET® ANDA Product at least according to DRL's proposed package insert and, therefore, will directly infringe at least claim 1 of the '751 Patent.

172.    Upon information and belief, DRL intends to, and will, contribute to infringement of at least claim 1 of the '751 Patent under 35 U.S.C. § 271(c) when ANDA No. 219331 is approved, unless enjoined by the Court, because DRL knows that the DRL NEXLIZET® ANDA Product is especially made or adapted for use in infringing the '751 Patent, and that the DRL NEXLIZET® ANDA Product is not suitable for substantial noninfringing use.

173.    Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '751 Patent.

174.    Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that DRL's making, using, offering to sell, selling, and/or importing the DRL NEXLIZET® ANDA Product, inducement thereof or contribution thereto, will infringe the '751 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

175.    Unless DRL is enjoined from directly or indirectly infringing the '751 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

## COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 11,744,816 BY DRL'S NEXLIZET® ANDA PRODUCT

176.    Esperion incorporates each of the preceding paragraphs 1-175 as if fully set forth herein.

177.    Claim 1 of the '816 Patent claims a method of lowering LDL-C in a subject in need thereof, the method comprising administering 180 mg 8-hydroxy-2,2,14,14-tetramethylpentadecanedioic acid and 10 mg Ezetimibe to the subject, wherein the subject has familial hypercholesterolemia.

178.    DRL's submission of ANDA No. 219331 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLIZET® ANDA Product before the expiration of the '816 Patent constituted an act of infringement of the

claims of the '816 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

179. DRL's commercial manufacture, use, offer for sale, sale, and/or importation of the DRL NEXLIZET® ANDA Product prior to expiration of the '816 Patent, and DRL's inducement of and/or contribution to such conduct, would further infringe at least claim 1 of the '816 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(b), and/or (c).

180. Upon information and belief, upon FDA approval of DRL's ANDA No. 219331, DRL will infringe at least claim 1 of the '816 Patent by making, using, offering to sell, and selling the DRL NEXLIZET® ANDA Product in the United States and/or importing said product into the United States, and/or by actively inducing or contributing to infringement of the '816 Patent by others, under at least 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

181. Upon information and belief, DRL specifically intends to, and will, actively induce infringement of at least claim 1 of the '816 Patent under 35 U.S.C. § 271(b) when ANDA No. 219331 is approved by marketing the DRL NEXLIZET® ANDA Product and encouraging patients, medical practitioners, and/or other third parties to infringe at least claim 1 the '816 Patent, unless enjoined by the Court.

182. Upon information and belief, DRL's ANDA No. 219331 includes a proposed package insert with directions that instructs patients, medical practitioners, and/or other third parties to administer and/or to prescribe the DRL NEXLIZET® ANDA Product.

183. Upon information and belief, upon FDA approval of ANDA No. 219331, DRL intends to, and will, engage in the commercial making, using, offering to sell, selling, and/or importing the DRL NEXLIZET® ANDA Product, unless enjoined by the Court, and the DRL NEXLIZET® ANDA Product will be administered by patients, medical practitioners, and/or other

third parties in the United States according to the directions and instructions in the proposed package insert.

184. On information and belief, the proposed package insert will include a method of lowering LDL-C in a subject in need thereof, the method comprising administering 180 mg 8-hydroxy-2,2,14,14-tetramethylpentadecanedioic acid and 10 mg Ezetimibe to the subject, wherein the subject has familial hypercholesterolemia.

185. Upon information and belief, the use of the DRL NEXLIZET® ANDA Product by patients, medical practitioners, and/or other third parties according to the proposed package insert will constitute an act of direct infringement by those patients, medical practitioners, and/or other third parties of at least claim 1 of the '816 Patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

186. Upon information and belief, by virtue of its listing in the Orange Book and identification in DRL's NEXLIZET® Notice Letter, DRL has knowledge of the '816 Patent and knowledge that its DRL NEXLIZET® ANDA Product will infringe the '816 Patent.

187. On information and belief, DRL is aware, has knowledge, and/or is willfully blind to the fact that patients, medical practitioners, and/or other third parties will administer and/or prescribe, the DRL NEXLIZET® ANDA Product at least according to DRL's proposed package insert and, therefore, will directly infringe at least claim 1 of the '816 Patent.

188. Upon information and belief, DRL intends to, and will, contribute to infringement of at least claim 1 of the '816 Patent under 35 U.S.C. § 271(c) when ANDA No. 219331 is approved, unless enjoined by the Court, because DRL knows that the DRL NEXLIZET® ANDA Product is especially made or adapted for use in infringing the '816 Patent, and that the DRL NEXLIZET® ANDA Product is not suitable for substantial noninfringing use.

189. Thus, a substantial and justiciable controversy exists between the parties hereto as to the infringement of the '816 Patent.

190. Pursuant to 28 U.S.C. § 2201, Esperion is entitled to a declaratory judgment that DRL's making, using, offering to sell, selling, and/or importing the DRL NEXLIZET® ANDA Product, inducement thereof or contribution thereto, will infringe the '816 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

191. Unless DRL is enjoined from directly or indirectly infringing the '816 Patent, Esperion will suffer substantial and irreparable harm for which Esperion has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Esperion asks that this Court grant the following relief:

192. A judgment that the claims of the '799, '714, and '511 Patents are infringed by DRL's submission of ANDA No. 219312 under 35 U.S.C. § 271(e)(2)(A);

193. A judgment that the claims of the '799, '714, '511, '751, and '816 Patents are infringed by DRL's submission of ANDA No. 219331 under 35 U.S.C. § 271(e)(2)(A);

194. A declaratory judgment that DRL's manufacture, use, offer to sell, sale, or importation, including inducement thereof and contribution thereto, of the DRL NEXLETOL® ANDA Product prior to the expiration of the '799, '714, and '511 Patents, would infringe the ' '799, 714, and '511 Patents, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c);

195. A declaratory judgment that DRL's manufacture, use, offer to sell, sale, or importation, including inducement thereof and contribution thereto, of the DRL NEXLIZET® ANDA Product prior to the expiration of the '799, '714, '511, '751, and '816 Patents, would

infringe the '799, '714, '511, '751, and '816 Patents, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c);

196.    A judgment that the '799, '714, '511, '751, and '816 Patents are not invalid or unenforceable;

197.    An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of DRL's ANDA No. 219312 shall not be earlier than the expiration of the '799, '714, and '511 Patents, including any extensions and/or additional periods of exclusivity to which Esperion is or becomes entitled;

198.    An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of DRL's ANDA No. 219331 shall not be earlier than the expiration of the '799, '714, '511, '751, and '816 Patents, including any extensions and/or additional periods of exclusivity to which Esperion is or becomes entitled;

199.    An order permanently enjoining DRL, and its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with DRL, from making, using, offering to sell, selling, or importing the DRL NEXLETOL® ANDA Product until after the '799, '714, and '511 Patents' expiration, including any extensions and/or additional periods of exclusivity to which Esperion is or becomes entitled;

200.    An order permanently enjoining DRL, and its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with DRL, from making, using, offering to sell, selling, or importing the DRL NEXLIZET® ANDA Product until after the '799, '714, '511, '751, and '816 Patents expiration, including any extensions and/or additional periods of exclusivity to which Esperion is or becomes entitled;

201.    Damages or other monetary relief, including costs, fees, pre-judgement interest and post-judgment interest to Esperion if DRL engages in commercial manufacture, use, offers to sell,

39

sale, or importation into the United States of the DRL NEXLETOL® ANDA Product prior to the expiration of the '799, '714, and '511 Patents, including any extensions and/or additional periods of exclusivity to which Esperion is or becomes entitled;

202.    Damages or other monetary relief, including costs, fees, pre-judgement interest and post-judgment interest to Esperion if DRL engages in commercial manufacture, use, offers to sell, sale, or importation into the United States of the DRL NEXLIZET® ANDA Product prior to the expiration of the '799, '714, '511, '751, and '816 Patents, including any extensions and/or additional periods of exclusivity to which Esperion is or becomes entitled;

203.    A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285; and

204.    Such further and other relief as this Court deems proper and just.

Dated: May 23, 2024

/s/ *Liza M. Walsh*

_____

Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

OF COUNSEL (*pro hac vice* forthcoming):

Nicholas K. Mitrokostas
John T. Bennett
Katherine P. Kieckhafer
ALLEN OVERY SHEARMAN STERLING US LLP
One Beacon Street
Boston, MA 02108
(857) 353-4500

Elizabeth J. Holland
Dov Hirsch
Ryan Curiel
ALLEN OVERY SHEARMAN STERLING US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

Colby Davis
Michelle Bone
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, NW
Washington, D.C.
(202) 683-3800

*Attorneys for Plaintiff Esperion Therapeutics, Inc.*

## LOCAL RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, the matter in controversy is related to the following actions:

- *Esperion Therapeutics, Inc. v. Micro Labs USA, Inc., et al.*, Civil Action No. 2:24-cv-05921-JXN-CLW
- *Esperion Therapeutics, Inc. v. Renata Limited., et al.*, Civil Action No. 2:24-cv-06017-JXN-CLW
- *Esperion Therapeutics, Inc. v. Accord Healthcare Inc., et al.*, Civil Action No. 2:24-cv-06224-JXN-CLW
- *Esperion Therapeutics, Inc. v. Alkem Labs., et al.*, Civil Action No. 2:24-cv-06263-JXN-CLW
- *Esperion Therapeutics, Inc. v. Aurobindo Pharma Ltd.*, Civil Action No. 2:24-cv-06348
- *Esperion Therapeutics, Inc. v. MSN Pharmaceuticals Inc., et al.*, Civil Action No.2:24-cv-06386
- *Esperion Therapeutics, Inc. v. Sandoz Inc.*, Civil Action No.2:24-cv-06387
- *Esperion Therapeutics, Inc. v. Hetero USA Inc.*, Civil Action No.2:24-cv-06389

Dated: May 23, 2024

OF COUNSEL (*pro hac vice* forthcoming):

Nicholas K. Mitrokostas
John T. Bennett
Katherine P. Kieckhafer
ALLEN OVERY SHEARMAN STERLING US LLP
One Beacon Street
Boston, MA 02108
(857) 353-4500

Elizabeth J. Holland
Dov Hirsch
Ryan Curiel
ALLEN OVERY SHEARMAN STERLING US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

Colby Davis
Michelle Bone
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, NW
Washington, D.C.

By:  */s/ Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

(202) 683-3800

*Attorneys for Plaintiff Esperion Therapeutics, Inc.*

## <u>LOCAL RULE 201.1 CERTIFICATION</u>

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in

that the Plaintiff seeks, *inter alia*, injunctive relief.

Dated: May 23, 2024

OF COUNSEL (*pro hac vice* forthcoming):

Nicholas K. Mitrokostas
John T. Bennett
Katherine P. Kieckhafer
ALLEN OVERY SHEARMAN STERLING US LLP
One Beacon Street
Boston, MA 02108
(857) 353-4500

Elizabeth J. Holland
Dov Hirsch
Ryan Curiel
ALLEN OVERY SHEARMAN STERLING US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

Colby Davis
Michelle Bone
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, NW
Washington, D.C.
(202) 683-3800

*Attorneys for Plaintiff Esperion Therapeutics, Inc.*

By:  */s/ Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100